**GREATER ANCHORAGE AREA BOROUGH, Appellant,**

v.

**REAL PROPERTY TAXPAYER'S ASSOCIATION et al., Appellees.**

**No. 1937.**

Supreme Court of Alaska.

Sept. 10, 1973.

Sheila Gallagher, Borough Atty., Lee S. Glass, Asst. Borough Atty., Anchorage, for appellant.

No appearance for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

PER CURIAM.

On October 8, 1970 the Real Property Taxpayer's Association filed a suit against several defendants including the State of Alaska and the Fairbanks North Star Borough seeking a declaratory judgment that the system of real property taxes by which the State and Borough partially funded public education was unconstitutional. Claiming that the relief sought against the defendants would, if granted, highly prejudice the Greater Anchorage Area Borough, that Borough filed a motion to intervene under Alaska Rule of Civil Procedure 24. Leave to intervene was subsequently granted and in late 1972, cross-motions for summary judgment against the Association were filed by the Anchorage Borough and the State of Alaska.

On January 8, 1973 the Anchorage Borough sent the letter which is the focal point of this appeal to Judge Taylor with copies to the opposing parties. The letter requested speedy resolution of the case in light of the effect that the pending litigation might have on the Anchorage Borough's bond sale scheduled for May 1973. After motions for summary judgment had been filed the court dismissed the complaint. The dismissal was based on two grounds: first, that the Real Property Taxpayer's Association had failed to prove

it had paid its annual tax or filed its annual report as required by AS 10.05.720; and second, that no actual controversy existed in that the Association had failed to prove it had been directly injured as a result of the State and Borough's actions.

Following dismissal, appellant moved pursuant to Alaska Rule of Civil Procedure 82(a)(2)[1] for attorney's fees of $2,133.96. The motion, although unopposed, was denied with the following dialogue taking place:

> THE COURT: [A]fter considering your motion for attorneys' fees and costs, [the court] is going to deny it. And the reason for this is I feel that—an improper appeal to the court in your letter of January the 8th, 1973. I seriously doubt that counsel should be directing correspondence to the court indicating the plight of their client.
>
> MR. GLASS: Is that—for the record, Your Honor is that the sole reason for your denial . . . .
>
> THE COURT: That's . . . . the sole reason, sir.

Appellant contends both that the letter was "perfectly justified" and that "even if it is assumed, arguendo, that the letter to the Court was improper", denial of attorney's fees on the basis of the letter was an abuse of discretion.

In Preferred General Agency of Alaska v. Raffetto, 391 P.2d 951, 954 (Alaska 1964), we said:

> The purpose of Civil Rule 82 in providing for the allowance of attorney's fees is to partially compensate a prevailing party for the costs to which he has been put in the litigation in which he was involved. The rule was not designed to be used capriciously or arbitrarily, or as a vehicle for accomplishing any purpose other than providing compensation where it is justified.

It is clear from the explicit language of the trial judge that the "sole reason" for the denial of the motion for fees was a "purpose other than providing compensation where it is justified."[2] The trial judge was in error when he attempted to sanction alleged improper conduct on the part of appellant's counsel by denying the appellant's motion for attorney's fees. We are accordingly required to reverse the ruling of the court below on the issue of attorney's fees.

But by reversing the court below, we do not intimate any opinion as to the propriety of granting attorney's fees to the appellant on remand. . There may be ample reason for denial of all or part of the award sought by appellants. We direct the attention of the superior court to our recent opinions which treat awards under Civil Rule 82: Cooper v. Carlson, 511 P.2d 1305 (Alaska 1973) and Malvo v. J. C. Penney Co., Inc., 512 P.2d 575 (Alaska 1973).

Reversed and remanded.

---

1. Alaska Rule of Civil Procedure 82(a)(2) provides:

   > In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

2. In the case at bar, we need not reach the issue of whether submission of the letter in question constituted an improper appeal to the court or a breach of legal ethics.