Teddy WILLIE, Appellant,

v.

STATE of Alaska, Appellee.

No. 1211.

Court of Appeals of Alaska.

March 27, 1992.

Elizabeth Brennan, Asst. Public Defender, Bethel, and John B. Salemi, Public Defender, Anchorage, for appellant.

Ben M. Herren, Dist. Atty., Bethel, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Teddy Willie pleaded no contest to a charge of importing alcohol into an area that had voted to prohibit it, AS 04.11.496. When he entered this plea, he reserved the right to appeal the denial of his motion to suppress the evidence against him. *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Willie also appeals his sentence, asserting it is excessive. We remand for further proceedings.

On April 6, 1990, Norman Black, a resident of Napakiak, contacted Village Patrol Officer Patrick Black and informed him that John and Teddy Willie were selling alcohol, that they had been at the residence of Alice Gray, and that they had a box in their possession which they had just brought to Napakiak from Bethel. Napakiak is a village that has voted to ban the possession, importation, and sale of alcohol.

Officer Black relayed this information to Village Public Safety Officer Wassillie Roland. Black and Roland traveled by snow machine to look for John and Teddy Willie. They found the two men on an ATV (all-terrain vehicle), heading toward the Napakiak airport; John was driving and Teddy was the passenger. Roland stopped the vehicle.

Both John and Teddy Willie appeared to have been drinking. While Teddy Willie was still sober, John Willie was very intoxicated; he had slurred speech and had a hard time keeping his balance.

On the back of the ATV was a gray plastic bag wrapped around what appeared to be a box measuring approximately one foot by one and one-half feet. Roland asked what was inside the box. Teddy Willie told Roland that the bag contained groceries.

Believing that John Willie was too intoxicated to drive, Roland instructed Teddy Willie to drive the ATV to John Willie's residence; the officers followed. At the residence, Roland asked Teddy Willie if he

would allow Roland to look inside the box; Willie refused. Roland then told Willie that he was going to seize the bag and apply for a search warrant.

Roland transported the bag with the box inside it to the public safety building. Both the weight of the box and the sloshing noises emanating from it suggested that the box was filled with bottles of liquid rather than groceries.

Roland applied to Judge Dale O. Curda for a search warrant to open the box; Judge Curda issued the warrant. The box was found to contain ten bottles of whisky and a bottle of port.

Willie filed a motion to suppress this evidence. Willie contended that VPSO Roland had acted illegally when he seized the box. Willie also asserted that, even if the seizure had been lawful, Roland's application for the search warrant failed to establish probable cause for a search.

The State did not respond to Willie's motion, nor was any hearing held on the motion. Nevertheless, Magistrate Craig R. McMahon issued a two-page memorandum decision denying Willie's motion.

■ Willie's first claim on appeal is that, because it is the State's burden to justify any warrantless seizure and because the State failed to respond to his suppression motion, he should have prevailed by default. We reject this suggestion. A person seeking court action must plead facts that demonstrate his or her legal entitlement to the requested action; this is true whether or not an opposing party files a response. Compare *Aziz v. LeFerve,* 830 F.2d 184 (11th Cir.1987), and *Bermudez v. Reid,* 733 F.2d 18 (2nd Cir.1984), holding that a court should not award default judgement against the government in a proceeding for post-conviction relief.

■ The defendant's burden of pleading in no way changes the government's burden of proof when a defendant challenges a warrantless search or seizure. Once the defendant establishes that a search or a seizure has been conducted by the government without a warrant, it is the government's burden to justify the intrusion. However, a trial court can deny relief if, even taking the defendant's assertions of fact in the light most favorable to suppression, it is clear that no constitutionally protected search or seizure has occurred or it is clear that a recognized exception to the warrant requirement applies to the case.

■ Magistrate McMahon ruled that, under the facts asserted in Willie's suppression motion, Willie was not entitled to suppression of the evidence. Willie can challenge that ruling on appeal, but the State's failure to respond does not entitle Willie to automatic suppression of the evidence.

Nevertheless, we are troubled by Magistrate McMahon's decision to rule on Willie's motion in the absence of any response from the State. Criminal Rule 40(d) states that, after a party has filed a motion, "[t]he opposing party *shall* serve either (1) a written statement that he does not oppose the motion, or (2) copies of all photographs, affidavits, and other documentary evidence upon which he intends to rely, together with a brief, complete written statement of reasons in opposition to the motion". (Emphasis added) Civil Rule 77(c) contains essentially the same language.

■ The State's silence in the face of Willie's motion violated Criminal Rule 40(d). Leaving this aside, we are also concerned by another aspect of the trial court's denial of Willie's motion in the absence of any response from the State. When a trial judge rules on a motion or other application without seeking a response from the opposing party (whether that response be an opposition or a statement of non-opposition), the judge risks giving the impression of partiality. The losing party may be prompted to view the trial court as another adversary in the proceeding rather than as an impartial arbiter of conflicting claims.

■ We do not imply any doubts regarding Magistrate McMahon's fairness or impartiality in this case. However, judges must take care not only to do justice but also to perform their duties in a manner that assures litigants and the public that

justice is being done. *See* Canon 2A of the Alaska Code of Judicial Conduct.

 When either the defendant or the government files a motion and the opposing party does not respond, the trial court is generally authorized to construe the opposing party's failure to respond as a non-opposition and to grant the motion if the relief requested appears to be justified. The court is also authorized to deny a patently frivolous motion even in the absence of a response. However, when the motion is neither routine nor frivolous, and when the assertions of fact and law contained in the motion do not appear to justify the requested relief, we believe a judge is better advised to elicit a response by calling the other party's attention to Criminal Rule 40(d). Of course, an opposing litigant's continuing neglect of or refusal to comply with the mandate of Criminal Rule 40(d) cannot block a court from taking action on the pending motion.

 If a trial judge has tentatively decided to deny a suppression motion even though the government has filed no response, the trial judge should give the defendant notice of the intended denial, accompanied by an explanation of the judge's reasons, and give the defendant the opportunity to supplement the factual assertions of the original suppression motion. After the defendant has had the opportunity to respond to the judge's tentative denial, if the judge still concludes that the defendant has failed to state a prima facie case for suppression, the judge can deny the motion.

 Returning to the facts of this case, Magistrate McMahon concluded, from the assertions in Willie's motion, that Officer Roland's seizure of the box had been lawful. We agree with Magistrate McMahon that the facts asserted in Willie's motion fail to establish a prima facie case for suppression.[1]

Roland had, through Officer Black, received information from a village resident (Norman Black) that John and Teddy Willie had been at Alice Gray's residence, that they were selling alcohol, and that they had a box in their possession. Roland and Black found John and Teddy Willie on an ATV heading toward the airport. Despite the fact that Napakiak is a "dry" village, both men had been drinking. John Willie, the driver of the ATV, was intoxicated—too intoxicated to drive. Teddy Willie had been drinking too, but he was still "pretty sober". On the back of the ATV was a gray plastic bag wrapped around a box measuring about a foot by a foot and a half.

Roland's knowledge of these facts gave him probable cause to seize the box so that he could apply for a warrant to open it. Roland's initial information came from a named village resident, Norman Black. From the details furnished by Black (the Willies' presence at a specific residence, and their possession of a box), it could be inferred that Norman Black had first-hand knowledge of the information he imparted to Officer Patrick Black and to Roland.

Roland's own observations when he stopped John and Teddy Willie corroborated and verified Norman Black's report. Napakiak is a "dry" village—a village allowing neither importation nor possession of alcohol—yet it was clear to Roland that both John and Teddy Willie had been drinking. There was a box on the back of the Willies' ATV, and this box was of a size that would be used to carry liquor bottles.

This knowledge gave Roland probable cause to seize the box and apply for a warrant. *See U.S. v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). *Compare Erickson v. State,* 507 P.2d 508, 517–19 (Alaska 1973) (arrest upheld when based on minimal corroboration of a citizen informer's tip).

Willie's next argument is that, even if Roland's seizure of the box was legal, his ensuing application for a search warrant failed to set forth probable cause for a search of the box. Willie notes that the

---

1. The following facts are drawn solely from Willie's "Statement of Facts" filed in support of his "Motion to Suppress".

search warrant application omits any mention of Norman Black as the source of Roland's initial information; instead, the warrant application states that Roland received the initial report from Officer Patrick Black—a statement that is correct but incomplete.

■■■■ The normal rule is that, when a defendant challenges a search warrant application on the ground that it omits a material fact, the material fact is added to the information presented in the application and probable cause is re-evaluated. *Schmid v. State*, 615 P.2d 565, 577 (Alaska 1980). Here, if information regarding the true source of the initial report is added to the search warrant application, probable cause for the search still exists.

Moreover, by the time Roland applied for the warrant, he had, in addition to the knowledge that had given him probable cause to seize the box, new information obtained from his handling of the box—the facts that the box felt like a cardboard box of the type used to transport liquor, that the contents of the box made sloshing noises characteristic of liquid in bottles, and that the box weighed what one would expect if its contents were bottles of liquor.

Thus, based entirely on the information contained in Willie's suppression motion and the application for the search warrant contained in the court's file, Magistrate McMahon could properly reject Willie's attacks on both Roland's initial seizure of the box and on the ensuing search warrant issued by Judge Curda. However, as indicated above, a judge should give notice before he or she denies an unopposed suppression motion. We therefore remand this case to the district court with directions that Willie be given an opportunity to supplement the assertions in his motion.

Because we are remanding this case to the district court, we will not address Willie's argument that his sentence is excessive.

The judgement of the district court is VACATED and this case is REMANDED for further proceedings as described in this opinion.