Roslyn **GALLAGHER**, Appellant,

v.

Gerard Robin **GALLAGHER**, Appellee.

No. S–5484.

Supreme Court of Alaska.

Jan. 7, 1994.

Albert Maffei, Anchorage, for appellant.

No appearance by appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This case presents three issues: (1) the power of a successor judge to amend the findings of fact and conclusions of law that have been entered by a judge who heard the case on its merits, (2) the power of the court to sua sponte vacate its previous orders and judgment, and (3) the effect of uncontested motions and orders. Because we find no reversible error we affirm the judgment of the superior court.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Roslyn Gallagher sued Gerard Robin Gallagher for divorce. The case was heard on the merits by Judge Joan M. Katz. Judge Katz entered written Findings of Fact and Conclusions of Law on June 13, 1991, and signed the Judgment of Divorce the next day.

On June 21, Judge Brian L. Shortell, the Presiding Judge of the Third Judicial District, entered a general order placing Judge Elaine M. Andrews in the Family Court Division, and assigning to her even numbered domestic cases, including the case now before

this court. On July 1, the assignment order signed by Judge Shortell became effective and Judge Andrews then became responsible for all the cases assigned to her.

On June 27, Roslyn filed a Motion to Amend Findings of Fact and Conclusions of Law. In October Judge Andrews entered an Order Amending Findings of Fact and Conclusions of Law in accordance with the motion made by Roslyn.[1] In November she entered a final Judgment of Divorce and a Qualified Domestic Relations Order (QDRO). In March 1992 Judge Andrews sua sponte entered an order vacating all previous orders and the judgment in the case which had been signed by her. She stated that they had been signed in error and that she had no intention to change, substantively, any factual findings or conclusions of law reached by Judge Katz, who had heard the case on its merits. The case was then referred to Judge Katz. In April Judge Katz entered an order denying Roslyn's Motion to Amend Findings of Fact and Conclusions of Law, which had previously been granted and later vacated by Judge Andrews. Roslyn then filed a petition for review, which was denied; however, it was treated as a timely appeal *if* a notice of appeal, statement of points on appeal, and a designation of record were filed by December 28, 1992. Roslyn complied.[2]

## II. *DISCUSSION*

Roslyn asserts that after Judge Andrews entered her orders and judgment, they could not be vacated by either Judge Andrews or Judge Katz, regardless of whether they were entered in error. We disagree.

■ Judge Andrews had authority to vacate the orders and judgment sua sponte under Civil Rule 60(b). *Martin v. Leonard Motor–El Paso,* 75 N.M. 219, 402 P.2d 954, 956 (1965); *see also McDowell v. Celebrezze,* 310 F.2d 43, 44 (5th Cir.1962); *Packard v. Whitten,* 274 A.2d 169, 173 (Me.1971).

■ Judge Andrews' action in vacating the orders and judgment was not an abuse of discretion. She earlier had erred in signing them when Judge Katz was still available to make the determinations requested. *See* Alaska R.Civ.P. 63(c), 40(d).

■ Merely because the amended Findings of Fact and Conclusions of Law submitted by Roslyn were unopposed and the resulting Judgment and Decree of Divorce was not appealed does not mean that they were invulnerable to collateral attack under Alaska Civil Rule 60(b). The fact that a motion is uncontested does not mean that it must be granted as a matter of right. *See Willie v. State,* 829 P.2d 310, 312 (Alaska 1992) ("the state's failure to respond does not entitle [the defendant] to automatic suppression of the evidence"); *Bauman v. State, Div. of Family & Youth Servs.,* 768 P.2d 1097, 1099 (Alaska 1989) ("the proponent has no absolute right to summary judgment merely because the opponent fails to respond"); *Weaver Bros., Inc. v. Chappel,* 684 P.2d 123, 126 (Alaska 1984) (since the moving party did not meet the burden of showing that there were no issues of material fact the summary judgment motion should be denied even if it was unopposed); *Greater Anchorage Area Borough v. Real Prop. Taxpayer's Ass'n,* 513 P.2d 1103, 1104 (Alaska 1973) (in remanding the case, the court noted that there may be reason for denial of the unopposed motion for attorney's fees). Further, Gerard had no way of knowing, within the thirty-day period for an appeal, that Judge Andrews had not intended to change, substantively, the factual findings and legal conclusions reached by Judge Katz. Thus the rule that "[c]ontentions based on facts which are known to a party at a time when a direct appeal is possible must either be raised on direct appeal or in a Rule 60(b) motion made during the time for taking the appeal" does not apply. *See Kenai Peninsula Borough v. English Bay Village Corp.,* 781 P.2d 6, 7 (Alaska 1989) (citations omitted).

---

1. The original Findings of Fact and Conclusions of Law provided that "an attempt to formulate a precisely equal property division is neither feasible nor necessary" and that the "parties should be left in approximately the same condition now as obtained at the start of their relationship and marriage." The amended Findings of Fact and Conclusions of Law provided for equal division of the property, including the real estate.

2. No brief was filed by Gerard.

## III. *CONCLUSION*

For the above reasons the judgment of the superior court is AFFIRMED.

BURKE, J., not participating.