**Shawn E. MOORE, Appellant/Cross–Appellee,**

v.

**PEAK OILFIELD SERVICE COMPANY; Peak Alaska Ventures, Inc.; Nabors Alaska Services Corp., Appellees/Cross–Appellants.**

Nos. S–11990, S–11969.

Supreme Court of Alaska.

Feb. 15, 2008.

---

Steve Sims, Law Offices of Steve Sims, Anchorage, for Appellant/Cross–Appellee.

Gary A. Zipkin, Guess & Rudd P.C., Anchorage, for Appellees/Cross–Appellants.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

## OPINION

**PER CURIAM.**

Shawn Moore's truck overturned after running into a dead moose in the center of the road. His passenger, Shannon Parnell, was critically injured. Parnell sued Peak Oilfield Service Company, the owner of the truck that had hit the moose sometime earlier. Peak then filed a third-party claim against Moore for allocation of fault. Because the jury found that Peak was not liable for Parnell's injuries, it did not reach the question of Moore's comparative fault. In a separate appeal we reversed and remanded the issue of Peak's liability for a new trial.[1]

■ This appeal considers the same trial, but involves the superior court's failure to rule that Moore was negligent and reckless as a matter of law because he was driving while intoxicated at the time of the accident. Peak moved for such a ruling based on Moore's conviction of driving while intoxicated in violation of AS 28.35.030. The conviction was based on Moore's plea of no contest to the charge.

This case is controlled by our recent decision in *Lamb v. Anderson.*[2] In *Lamb* we held that

---

1. *Parnell v. Peak Oilfield Serv. Co.,* 174 P.3d 757 (Alaska 2007).

2. 147 P.3d 736 (Alaska 2006). In *Wilson v. MacDonald* we discussed the application of *Lamb* in a case where the criminal defendant pled no contest before *Lamb* clarified the civil implica-

tions of this plea. *Wilson v. MacDonald,* 168 P.3d 887 (Alaska 2007). In *Wilson* we noted that a party seeking to avoid the civil consequences of a no contest plea must do so "through a motion for post-conviction relief or appeal in the criminal case." *Id.* at 889.

a conviction based on a no contest plea will collaterally estop the criminal defendant from denying any element in a subsequent civil action against him that was necessarily established by the conviction, as long as the prior conviction was for a serious criminal offense and the defendant in fact had the opportunity for a full and fair hearing. [3]

The *Lamb* factors are satisfied in this case. Driving while intoxicated is a serious criminal offense.[4] Moore had the opportunity for a full and fair hearing on his criminal charge. He was represented by a public defender when he entered his plea.

Both negligence and recklessness are established by a conviction of operating a vehicle while intoxicated.[5] Thus, Moore is estopped from denying his negligence and recklessness at the time of the accident. But his ultimate liability remains an open question. Whether Moore's negligence and recklessness caused the accident is not an issue that was necessarily established by his conviction. Moore is therefore not barred by the conviction from arguing that his negligence and recklessness were not a legal cause of the accident.

The superior court's denial of Peak's motion for partial summary judgment is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.[6]

BRYNER, Justice, not participating.

---

3. *Lamb,* 147 P.3d at 742.

4. *Id.* at 744 n. 51. Moore was sentenced to ten days of unsuspended jail time for the offense.

5. *Lupro v. State,* 603 P.2d 468, 475 (Alaska 1979) (DWI involves "culpable negligence" defined as a "reckless disregard of consequences, a needless indifference to the rights and safety and even the lives of others").

6. This disposition moots Peak's argument concerning an evidentiary use of Moore's conviction and Moore's cross-appeal concerning costs and attorney's fees.