ROSE *v.* McMAHON

1. Negligence—Evidence Necessary to Send to Jury.

Trial court's grant of directed verdict for defendant business proprietor, where plaintiff invitees complained that 1 of defendant's chairs collapsed underneath plaintiff husband aggravating a previous back ailment, interfering with his employment, and causing plaintiff wife to suffer a loss of his companionship, services, and consortium, *held*, correct, where plaintiffs failed to meet minimum requirements for sending a case to the jury by showing of negligence of defendant.

2. Same—Res Ipsa Loquitur.

The doctrine of *res ipsa loquitur* applies in substance, if not in name, in this jurisdiction.

3. Same—Res Ipsa Loquitur.

Four conditions are required for the application of the doctrine of *res ipsa loquitur:* (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must have been caused by an agency or instrumentality within the exclusive control of the defendant; (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff; and (4) evidence of the true explanation of the event must be more readily available to the defendant than to the plaintiff.

---

References for Points in Headnotes

[1, 4] 38 Am Jur, Negligence § 344.
[2] 38 Am Jur, Negligence §§ 295, 355.
[3] 38 Am Jur, Negligence § 296 *et seq.*
[5] 38 Am Jur, Negligence § 96.
[6] 38 Am Jur, Negligence § 332.
[7] 38 Am Jur, Negligence § 6.
[8] 38 Am Jur, Negligence § 350.

4. Same—Evidence—Business Proprietor—Implied Negligence— Knowledge of Defect—Condition of Premises.

Collapse of a chair in a bar under plaintiff invitee does not necessarily imply the negligence of the proprietor, and where plaintiffs made no effort to produce at trial the collapsed chair, made no showing that the defendant had either actual or constructive knowledge of any defect in the chair or that the defendant breached any duty to exercise reasonable care in providing a reasonably safe place for plaintiffs, a directed verdict for defendant was properly granted.

5. Same—Business Proprietor—Condition of Premises.

A business proprietor is not an insurer of the safety of his customers but owes a duty to use reasonable care to provide reasonably safe premises for them.

6. Same—Finding of Fact—Conjecture.

Conjecture may not be indulged in by either a judge or a jury in making a determination of fact in an action for personal injuries alleged to be due to defendant's negligence.

7. Same—Evidence—Jury.

The fact of an injury does not by itself establish negligence.

8. Constitutional Law—Questions Determined by Jury.

There is a constitutional right not to have a question determined by a jury in certain circumstances (Const 1963, art 1, § 14, art 6, § 5).

Appeal from Kent; Hoffius (Stuart), J. Submitted Division 3 November 9, 1967, at Grand Rapids. (Docket No. 3,457.) Decided March 22, 1968.

Complaint by Raymond F. Rose and Leona Rose against J. Bruce McMahon for damages resulting from collapse of a chair in which Raymond F. Rose was sitting in defendant's bar. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Hayes & Davis,* for plaintiffs.

*Hillman, Baxter & Hammond,* for defendant.

LESINSKI, C. J.  The plaintiffs, Raymond Rose and Leona Rose, appeal a directed verdict granted in favor of the defendant by the trial judge who concluded, after all the proofs were completed, that the plaintiffs had not presented evidence entitling them to go to the jury.

When the plaintiff, Raymond Rose, having entered the defendant's establishment, the Lena Lou Inn, went to sit on one of defendant's chairs, the chair collapsed underneath him.  He alleges that a previous back ailment has been aggravated and that consequently he has not been able to work regularly. The plaintiff, Leona Rose, alleges a loss of companionship, services and consortium.  The trial court denied the defendant's first motion for directed verdict, but granted his second, made after all the proofs were completed.  The trial court's action was entirely correct, for we conclude from this record that the plaintiffs failed to meet the minimum requirements for sending a case to the jury.

The plaintiffs rely heavily on four norms set down by the Supreme Court for the substantive application of the concept of *res ipsa loquitur* in *Gadde* v. *Michigan Consolidated Gas Company* (1966), 377 Mich 117.  There the Supreme Court, in a careful analysis of the history of this legal doctrine in Michigan, concludes that *res ipsa loquitur* applies in substance, if not in name, in our jurisdiction.  The Supreme Court recites four conditions involved in the application of *res ipsa loquitur:*

1. The event must be of a kind which ordinarily does not occur in the absence of someone's negligence.

2. The event must have been caused by an agency or instrumentality within the exclusive control of the defendant.

3. The event must not have been due to any voluntary action or contribution on the part of the plaintiff.

4. Evidence of the true explanation of the event must be more readily available to the defendant than to the plaintiff.

The plaintiffs fail to bring themselves within the scope of this set of conditions. While it may be assumed, *arguendo,* that a chair does not ordinarily collapse except for the negligence of someone, it does not necessarily follow that the collapse of a chair in a bar must imply the negligence of the proprietor. It cannot be simply assumed, as plaintiff Raymond Rose does, that he did not contribute in any way to the collapse of the chair.

The plaintiffs point out that the defendant did not produce the chair that collapsed. But neither does the record show that the plaintiffs, who had the duty of going forward with the evidence to prove their claim, made any effort whatsoever to find and produce at trial the collapsed chair.

The plaintiffs made no showing that the defendant had either actual or constructive knowledge of any defect in the chair. They made no showing that the defendant proprietor was guilty of any breach of his duty to exercise reasonable care in providing a reasonably safe place for his patrons. What this Court said in *Winfrey* v. *S. S. Kresge Company* (1967), 6 Mich App 504, 507, a case whose facts are very similar to those here, is applicable:

"It is settled in this State that a storekeeper is not an insurer of the safety of his customers, but is under a duty to use reasonable care to provide reasonably safe premises for such customers. *Shorkey* v. *Great Atlantic & Pacific Tea Co.* (1932), 259 Mich 450; *White* v. *Herpolsheimer Company* (1950), 327 Mich 462 (26 ALR2d 667). The mere fact that a

customer slips and is injured on the premises of a storekeeper does not constitute actionable negligence. See 61 ALR2d 6, 56, Liability of proprietor of store, office, or similar business premises for injury from fall due to presence of litter or debris on floor, § 8. It must be shown that the storekeeper has breached his duty to exercise reasonable care to provide a reasonably safe place for customers on the premises, and that the breach proximately caused the injury complained of."

Given the barren state of plaintiffs' evidence in this record, any finding would, we think, necessarily have involved conjecture. And as this Court observed in *Genesee Merchants Bank & Trust Company* v. *Payne* (1967), 6 Mich App 204, another negligence action where we found facts warranting a directed verdict for the defendant, conjecture may be tempting, but it may not be indulged in, either by judge or by jury. As Judge T. G. Kavanagh put it so succinctly in that case (p 210) : "The fact of the injury does not establish negligence." We think that statement applies here.

It appears to us that these plaintiffs hope, by incanting *res ipsa loquitur,* to evade their duty of producing that minimum of evidence that entitles a case to go to the jury. As Justice Talbot Smith said in *Glinski* v. *Szylling* (1959), 358 Mich 182, 195: "We do not lose sight of the fact that there is also a constitutional right not to have a question determined by a jury in certain circumstances."

We think we have here a good example of a case that properly was not allowed to go to the jury.

Affirmed. Costs to appellee.

Burns and Holbrook, JJ., concurred.