Merle G. WILSON, Appellant,

v.

Judith MACDONALD and Jack Riggs, Appellees.

No. S–11956.

Supreme Court of Alaska.

Oct. 19, 2007.

Merle G. Wilson, Anchorage, pro se.

Z. Kent Sullivan, Baxter Bruce Sullivan P.C., Juneau, for Appellee Judith Mac-Donald.

Jack Riggs, Anchor Point, pro se.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

Merle Wilson pled no contest to the criminal charge of assaulting Judy MacDonald. MacDonald sued Wilson for damages related to the assault. The superior court held that a defendant who pleads no contest in a criminal case is precluded from relitigating the elements of the offense in a subsequent civil case and therefore granted summary judgment against Wilson on the elements of assault. After a trial on the issue of damages, Wilson appealed the grant of summary judgment. We affirm the superior court's grant of summary judgment.

## II. FACTS AND PROCEEDINGS

This lawsuit resulted from a dispute over whether a local ordinance prohibited the use of a motorized wheelbarrow on a road near the City of Tenakee Springs. MacDonald regularly used the wheelbarrow to haul groceries and supplies up the road, which provided the only access to her property from a nearby boat landing. On April 2, 2001, Wilson, who was MacDonald's neighbor,[1] tried to impound the wheelbarrow.[2] In the course of the impoundment he assaulted MacDonald, repeatedly striking her with either a logging chain or a dog leash. MacDonald was diagnosed with a skull fracture and transferred to Harborview Hospital in Seattle, where she was released after two days. Wilson claims that his actions were in self-defense.

Wilson was charged with assault. He pled no contest and was sentenced to four years in jail all but six months of which were suspended. MacDonald sued Wilson, alleging assault, battery, false imprisonment, and intentional infliction of emotional distress.[3] Wilson represented himself. Since Wilson had pled no contest in his criminal case, the superior court granted summary judgment against him on MacDonald's claims of assault and battery. After a trial on the issue of damages, the jury awarded MacDonald $75,000 in damages and $135,000 in punitive damages (half of which went to the state as required by AS 09.17.020(j)). The final judgment, including prejudgment interest, costs, and attorney's fees, awarded $210,720.74 to MacDonald and $67,500 to the state. Wilson is appealing the superior court's grant of summary judgment to MacDonald.

## III. DISCUSSION

A grant of summary judgment is reviewed de novo.[4] We will affirm

"if the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering a motion for summary

---

1. *MacDonald v. Riggs,* 166 P.3d 12, 14 (Alaska 2007).

2. At the time Wilson was chair of the City of Tenakee Springs' "Legal Research Committee," which was formed to investigate the legality of MacDonald's use of the wheelbarrow and an excavator on the road.

3. MacDonald brought the same claims against Wilson in his official capacity as Chairman of the Tenakee Springs Legal Research Committee; the City of Tenakee Springs; and Jack Riggs. MacDonald also sued the parties listed above and Mayor Vicki Wisenbaugh, individually and in her official capacity, for a violation of 42 U.S.C. § 1983. The City of Tenakee Springs, Vicki Wisenbaugh, and Wilson, in his official capacity only, settled with MacDonald. *MacDonald,* 166 P.3d at 15.

Riggs countersued for defamation. At trial the jury found for Riggs and awarded him $35,000 on the defamation claim. MacDonald's appeal was unsuccessful. *See MacDonald,* 166 P.3d 12.

4. *DeNardo v. Bax,* 147 P.3d 672, 676 (Alaska 2006).

judgment, all reasonable inferences of fact from the proffered evidence must be drawn against the moving party and in favor of the non-moving party." [5]

■ Wilson argues that collateral estoppel should not apply to defendants in civil suits who pled no contest in a criminal case on the same charge. The superior court relied on *Burcina v. City of Ketchikan*, in which this court collaterally estopped a plaintiff from relitigating the elements of a crime when he had pled no contest to that charge in a criminal case.[6] Wilson argues that the superior court erroneously extended *Burcina* to civil defendants. We recently resolved this issue in *Lamb v. Anderson*, which held that

a conviction based on a no contest plea will collaterally estop the criminal defendant from denying any element in a subsequent civil action against him that was necessarily established by the conviction, as long as the prior conviction was for a serious criminal offense and the defendant in fact had the opportunity for a full and fair hearing.[7]

Thus, under *Lamb*, Wilson is precluded from relitigating any elements of assault in the civil case because he pled no contest to as-

sault in the criminal case. The superior court did not err in granting summary judgment against Wilson, but instead correctly predicted the holding in *Lamb*.

■ Wilson also states that when he pled no contest he was not aware of the civil liability consequences of the plea. *Lamb* urged trial courts to ensure that criminal defendants understand the civil ramifications of a no contest plea.[8] According to *Lamb*, if a trial court accepts a no contest plea "the record should establish the defendant's understanding that a no contest plea will result in a conviction, just as a guilty plea would, and that this conviction could be used in future cases to establish that the defendant engaged in the conduct involved in the charged offense." [9] But the question of whether a defendant is aware of all of the relevant consequences of his or her plea is a question as to whether the plea itself was knowing and voluntary.[10] Since this is a question as to the validity of the plea itself, it should be resolved through a motion for post-conviction relief or appeal in the criminal case.[11] With respect to his civil case, as long as his plea stands he is collaterally estopped from relitigating any elements of the crime for which he was charged.[12]

5. *Id.* at 676–77.

6. 902 P.2d 817, 821 (Alaska 1995).

7. 147 P.3d 736, 742 (Alaska 2006). This rule is based on the fact that, unlike most jurisdictions, criminal defendants in Alaska are allowed to plead no contest as a matter of right. *Id.* at 740. "In Alaska, then, the nolo plea is for nearly all purposes the equivalent of a guilty plea." *Id.* at 740–41.

8. *Id.* at 742–43.

9. *Id.* We have not yet addressed the question of whether this language is mandatory, in that if a trial court fails to inform the defendant of civil liability consequences the defendant may withdraw the plea, or merely hortatory.

10. "Since pleas of guilty constitute waivers of constitutional rights ... they 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *Dolchok v. State*, 639 P.2d 277, 288 (Alaska 1982) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

11. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (relying on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *Brockway v. State*, 37 P.3d 427, 429–30 (Alaska App.2001) (holding that a defendant may not collaterally attack a no contest plea on the basis that it was not voluntary and knowing during the sentencing proceedings of a subsequent criminal case unless he or she was completely denied the right to counsel, but instead can only bring a petition for post-conviction relief in the original case).

12. "We have repeatedly held that the pendency of an appeal is irrelevant for the purposes of res judicata and collateral estoppel." *Wyatt v. Wyatt*, 65 P.3d 825, 831 (Alaska 2003). If Wilson is eventually successful in withdrawing his plea in his criminal case, he may file a motion for relief from judgment under Civil Rule 60(b)(5), which states in relevant part that "the court may relieve a party ... from a final judgment" if "a prior judgment upon which it is based has been reversed or otherwise vacated."

## IV. CONCLUSION

We hold that Wilson's no contest plea precludes him from relitigating the elements of assault in a civil case. Therefore we AFFIRM the superior court's grant of summary judgment.