Merle G. WILSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10361.

Court of Appeals of Alaska.

Dec. 17, 2010.

---

Colleen A. Libbey, Libbey Law Offices, LLC, Anchorage, for the Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

Merle G. Wilson appeals from Superior Court Judge Michael A. Thompson's dismissal of his application for post-conviction relief. In his application, Wilson claimed that he entered a no-contest plea to assault in the second degree for an alleged assault on Judith MacDonald only after being assured by his attorney that a no-contest plea could not be used against him by MacDonald in a trial for civil damages. But when MacDonald later sued Wilson for damages, the court ruled that Wilson was collaterally estopped from contesting the elements of the assault conviction.

Wilson filed an application for post-conviction relief, claiming that he had received ineffective assistance of counsel in entering his plea, that he would not have entered the no-contest plea if he had received accurate advice, and asking to withdraw his plea. Judge Thompson ruled that Wilson's application failed to establish a prima facie case and dismissed the application. Wilson appeals. We conclude that Wilson's application was sufficient to establish a prima facie case. We accordingly reverse Judge Thompson's dismissal of Wilson's application.

### Factual and procedural background

Judge Thompson dismissed Wilson's application on the pleadings for failure to set out a prima facie case. A court should dismiss an application for failure to make a prima facie case only when the facts alleged in the application, if true, would not entitle

the applicant to relief.[1] We therefore set out the facts in the light most favorable to Wilson's claim.

Wilson was indicted for assaulting MacDonald based upon an incident that occurred April 2, 2001. According to Wilson's affidavit, he expected MacDonald to sue him civilly. Wilson stated that his attorney agreed that it was likely that MacDonald would sue him for damages based upon the alleged assault. Wilson stated that his attorney advised him "that a no-contest plea could not be used in a civil trial as proof of Mrs. MacDonald's allegations." Wilson stated that based on this advice, he entered a no-contest plea to assault in the second degree. Wilson stated that he did not believe he was guilty of any criminal wrongdoing and that he would not have entered the no-contest plea if he had understood that the plea would prejudice him in a later civil case.

Wilson pled no contest to assault in the second degree[2] on November 5, 2001. Superior Court Judge Larry Weeks sentenced Wilson to four years with all but six months suspended.

In March of 2003, MacDonald sued Wilson based upon the alleged assault.[3] Wilson represented himself. Superior Court Judge Michael A. Thompson granted summary judgment against Wilson. He concluded that Wilson's no-contest plea in his criminal case collaterally estopped Wilson from contesting that he had assaulted MacDonald.[4] In a trial on damages, a jury awarded MacDonald $75,000 in damages and $135,000 in punitive damages.[5] In *Wilson v. MacDonald*, the Supreme Court upheld Judge Thompson's ruling granting summary judgment against Wilson.[6] In addressing Wilson's argument that, when he pled no contest he was not aware that it would have consequences in the later civil case, the Supreme Court stated that "[s]ince this is a question as to the validity of the plea itself, it should be resolved through a motion for post-conviction relief or an appeal in the criminal case."[7]

Wilson filed an application for post-conviction relief. In the application, Wilson asked the court to allow him to withdraw his plea. Wilson contended that his plea should be withdrawn because it was not knowing and voluntary and because he received ineffective assistance of counsel. These claims are based upon Wilson's contention that his counsel misinformed him of the effect that a no-contest plea would have on the civil litigation. He also contended that he should be allowed to withdraw his plea because his counsel was ineffective in responding to prosecutorial misconduct.

Judge Thompson dismissed Wilson's application on December 10, 2008.

*Why we conclude that Wilson's application established a prima facie case to withdraw his plea*

█ As we have previously stated, in determining whether Wilson established a prima facie case, we are to look at the facts in the light most favorable to Wilson's claim. After imposition of sentence, a defendant "must prove that withdrawal is necessary to correct a manifest injustice."[8] "Withdrawal is necessary to correct a manifest injustice whenever it is demonstrated that ... [t]he defendant was denied effective assistance of counsel...."[9]

█ Normally, in evaluating a claim that a defendant received ineffective assistance of counsel, courts apply a strong presumption that counsel was competent and presume that the trial counsel's actions were motivat-

1. *DeJesus v. State*, 897 P.2d 608, 617 (Alaska App.1995); *State v. Jones*, 759 P.2d 558, 565 (Alaska App.1988); Alaska R.Crim. P. 35.1(f)(1).

2. AS 11.41.210(a)(2).

3. *Wilson v. MacDonald*, 168 P.3d 887, 888 (Alaska 2007).

4. *Id.* at 888.

5. *Id.*

6. *Id.*

7. *Id.* at 889 (footnote omitted).

8. Alaska R.Crim. P. 11(h)(3).

9. Alaska R.Crim. P. 11(h)(4)(A).

ed by sound tactical considerations.[10] In order to establish a claim of ineffective assistance of counsel, a defendant must rule out the possibility that counsel's decisions were made for a tactical reason.[11] But a claim that a defendant received ineffective assistance of counsel in deciding whether or not to enter a plea to a criminal charge is different. This is because, unlike most decisions, the decision whether or not to enter a guilty or no-contest plea is ultimately a decision for the defendant to make.[12]

According to Wilson, he would not have entered a no-contest plea if he had been aware that the plea would prejudice him in defending the civil case that he was sure that MacDonald would file. Thus, Wilson alleged that his representation was ineffective because his attorney gave him incorrect advice regarding the effect of a no-contest plea.

One of the reasons that Judge Thompson rejected this claim was on the ground that the issue was collateral to the criminal case. He reasoned that Wilson hired the attorney only to represent him in the criminal case. Wilson represented himself in the civil case. Courts have drawn a distinction between direct and collateral consequences of criminal convictions. For instance, in *Tafoya v. State*,[13] the Alaska Supreme Court ruled that a defense attorney's failure to inform Tafoya of the possibility that he might face deportation was not ineffective assistance of counsel because deportation was a collateral, rather than a direct, consequence of a conviction.[14] But Wilson raised a different claim in his application for post-conviction relief. He did not claim that his attorney neglected to advise him about the consequences that his no-contest plea might have on a later civil case. Wilson alleged that both he and his attorney were aware that MacDonald would file a civil case, that the civil case was of critical importance to Wilson, that Wilson specifically asked for legal advice about the possible consequences of the no-contest plea in the civil case, and that the attorney assured him that the no-contest plea would not prejudice him in the civil case. Wilson contended that this fell below the standard of care set out in *Risher v. State*,[15] and that he would not have entered the plea except for this advice.

Cases decided subsequent to *Tafoya* support Wilson's claim. In *United States v. Kwan*,[16] the defendant pled guilty to bank fraud after his attorney assured him that deportation "was not a serious possibility."[17] This advice was incorrect. Federal law made Kwan's deportation almost certain.[18] The Ninth Circuit stated that "where, as here, counsel has not merely failed to inform, but has effectively misled, his client about the immigration consequences of a conviction, counsel's performance is objectively unreasonable under contemporary standards for attorney competence."[19] In *Padilla v. Kentucky*,[20] Padilla pled to drug charges which made his deportation "virtually mandatory."[21] Padilla alleged that he would not have entered a guilty plea if he had not received incorrect advice from his attorney. The Supreme Court of Kentucky denied Padilla's post-conviction relief application, concluding that deportation was a collateral consequence of the conviction and therefore "neither counsel's failure to advise [Padilla] about the possibility of removal, nor counsel's

---

10. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Jones,* 759 P.2d at 569.

11. *Jones,* 759 P.2d at 569.

12. Alaska R. Prof. Conduct 1.2(a); *see Love v. State,* 173 P.3d 433, 435–37 (Alaska App.2007).

13. 500 P.2d 247 (Alaska 1972).

14. *Id.* at 252; *see also Peterson v. State,* 988 P.2d 109, 115 (Alaska App.1999) (holding that sex offender registration is a collateral consequence to a conviction for a sex offense); *see generally* 5 Wayne R. LaFave, *Criminal Procedure* § 21.4(d), at 171–73 (2d ed. 1999 & Supp.2006).

15. 523 P.2d 421 (Alaska 1974).

16. 407 F.3d 1005 (9th Cir.2005).

17. *Id.* at 1008.

18. *Id.* at 1009.

19. *Id.* at 1015.

20. —— U.S. ——, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

21. *Id.* at 1478.

incorrect advice, could provide a basis for relief." [22]   The United States Supreme Court reversed, holding that Padilla's contentions, if proven, would establish that he received ineffective assistance of counsel in entering his plea.[23]

In *Padilla,* the Supreme Court did not consider whether a distinction between direct and collateral consequences was generally appropriate, because "of the unique nature of deportation." [24]   The court also refrained from distinguishing between failing to advise and providing incorrect advice, instead simply finding that Padilla's counsel had provided assistance that fell below the requisite standard of care.[25]   Given these cases, we conclude that Wilson's claims, if proven, would establish that he received ineffective assistance of counsel.

In rejecting Wilson's application, Judge Thompson also relied upon an observation that, at the time Wilson's attorney advised him in 2001, the law was unclear about the effect of a no-contest plea on civil litigation. Judge Thompson pointed out that in *Burcina v. Ketchikan,*[26] decided in 1995, the court held that "a *civil plaintiff* [was] collaterally estopped from relitigating any element of a criminal charge to which he has pled [no contest]." [27]   It was not until 2006, in *Lamb v. Anderson,*[28] well after Wilson's attorney advised him, that the Supreme Court extended the rule to collaterally estop defendants in civil cases.

■ In support of his claim of ineffective assistance of counsel, Wilson filed a letter from an attorney experienced in defending criminal cases, Sydney K. Billingslea. Ms. Billingslea stated in her letter that, in her opinion, Wilson's attorney's failure to accurately advise Wilson in 2001 that a no-contest plea would offer him no protection in a civil suit, and "would in fact serve to admit the facts of the charge as surely as a guilty plea,"

would amount to ineffective assistance of counsel.

At oral argument on appeal, the attorney for the State pointed out that Ms. Billingslea's opinion was set out in a letter, not an affidavit.   But the State never raised any objection in the trial court to the fact that Ms. Billingslea's opinion was not submitted in affidavit form.   Under these circumstances, we conclude that the trial court was required to consider Ms. Billingslea's opinion in deciding whether to dismiss the application for post-conviction relief or, in the alternative, to give Wilson an opportunity to remedy any deficiency before ruling.[29]

Ms. Billingslea's report supports the contention that after the decision in *Burcina,* when a criminal defendant asked an attorney about the effect of a no-contest plea on civil litigation, a competent attorney would have foreseen that the no-contest plea would collaterally estop the criminal defendant from denying that he committed the assault in civil litigation.   We note that, when MacDonald did sue Wilson, Judge Thompson—relying on *Burcina* and before the Supreme Court decided *Lamb*—held that MacDonald was entitled to summary judgment against Wilson based upon Wilson's no-contest plea.   We accordingly conclude that Wilson established a prima facie case that he received ineffective assistance of counsel in entering his plea.

*Wilson's remaining claims were correctly dismissed for failure to make a prima facie case*

■ Wilson separately contended in his application that his plea must be withdrawn because his attorney provided ineffective assistance by failing to respond to prosecutorial misconduct at the grand jury proceeding.   Wilson argued that the failure to move for dismissal of the indictment constituted ineffective assistance.   Wilson separately

22.  *Id.*

23.  *Id.* at 1483.

24.  *Id.* at 1481.

25.  *Id.* at 1483–84.

26.  902 P.2d 817 (Alaska 1995).

27.  *Id.* at 822 (emphasis added).

28.  147 P.3d 736, 742–43 (Alaska 2006).

29.  *Turnbull v. LaRose,* 702 P.2d 1331, 1335 (Alaska 1985); *Kvasnikoff v. Weaver Bros. Inc.,* 405 P.2d 781, 784 (Alaska 1965).

**540**

contended that his plea must be withdrawn because of the prosecutorial misconduct. Wilson's application was insufficient to provide a prima facie case of these claims. He presented no evidence that would rebut the presumption that the attorney made competent tactical decisions in addressing these matters.[30] We therefore conclude that Judge Thompson did not err in dismissing these contentions.

*Conclusion*

We conclude that Wilson established a prima facie case that he received ineffective assistance of counsel in entering his plea. We accordingly conclude that Judge Thompson erred in dismissing Wilson's application for post-conviction relief on the pleadings for failure to state a prima facie case.

The judgment of the superior court is REVERSED. The case is REMANDED for further proceedings on Wilson's application for post-conviction relief.

---

**30.** *See Jones,* 759 P.2d at 569; *Gaona v. State,* 630 P.2d 534, 538 (Alaska App.1981).