NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0059n.06

No.  13-1546

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 23, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BAMBE CAE JOHNSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MEIJER, INC., | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before:  SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   While Bambe Cae Johnson was shopping at Meijer, she accidentally—one might say negligently—rammed her shopping cart into a fire extinguisher mounted waist-high.  The extinguisher fell and injured her toe.  Johnson sued Meijer for negligence. Meijer moved for summary judgment, which the magistrate judge granted.  We affirm.

In August 2010, Bambe Cae Johnson was pushing a shopping cart through the aisles at a Meijer store in Battle Creek, Michigan.  Her granddaughter's car seat was in the front of the cart, partially obstructing Johnson's view.  At some point, Johnson continued walking while she turned her head to look behind her.  The handle of her shopping cart struck a fire extinguisher mounted in plain view on a column.  The impact caused the extinguisher to fall, injuring Johnson's toe.

We review de novo the district court's grant of summary judgment. *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 667 (6th Cir. 2006). As in most states, a negligence claim in Michigan has four elements: duty, breach, causation, damages. *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000). At issue here is whether Johnson presented evidence that would allow a jury to find that Meijer breached a duty to her.

Landowners owe invitees a duty to protect against dangerous conditions. *See Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 185, 186 (Mich. 1995). But they do not owe a duty as to dangers that are open and obvious. *Lugo v. Ameritech Corp, Inc.,* 629 N.W.2d 384, 386 (Mich. 2001). A danger is open and obvious if "an average user with ordinary intelligence would [be] able to discover the danger and the risk presented upon casual inspection." *Corey v. Davenport College of Business*, 649 N.W.2d 392, 394 (Mich. App. 2002) (quoting *Joyce v. Rubin*, 642 N.W.2d 360, 364 (Mich. App. 2002)).

Here, it is undisputed that the fire extinguisher was mounted in plain view. And we agree with the district court that the risk that the extinguisher might dislodge if struck by a loaded shopping cart—thereby inducing gravity to drop the extinguisher to the floor—was open and obvious. That Johnson was looking away makes no difference; the standard is objective. *See Novotney v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. App. 1993). Meijer therefore owed Johnson no duty to protect Johnson from the risk that the extinguisher might dislodge if she struck it with her cart.

Moreover, Johnson has no evidence—direct or circumstantial—that would allow a jury to find that Meijer was somehow negligent in the manner it secured the extinguisher. To the contrary,

Julie Dreyer, a Meijer employee at the corporate headquarters, stated in her affidavit that the extinguisher had been inspected by local building code officials and the fire marshal, and that it complied with all applicable state and other codes. Nor does the doctrine of *res ipsa loquitur* apply here, because—contrary to Johnson's assertion—it was foreseeable that even a properly secured fire extinguisher might fall to the floor if struck by a loaded shopping cart. *See Rose v. McMahon*, 158 N.W.2d 791, 792–93 (Mich. App. 1968). Finally, we entirely agree with the magistrate judge's decision to strike Johnson's expert on reliability grounds, for the reasons stated in the judge's thoroughly reasoned opinion.

The district court's judgment is affirmed.