**Rolando VIZCARRA–MEDINA,**
**Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9655.**

Court of Appeals of Alaska.

Nov. 14, 2008.

Beth G.L. Trimmer, Assistant Public Advocate, and Joshua Fink, Public Advocate, Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In this case, Rolando Vizcarra–Medina sought post-conviction relief based on assertions that he had not understood key aspects of his plea agreement with the State. The attorney appointed to represent Vizcarra–Medina investigated these claims and concluded that they could not be proved. That is, the attorney concluded that, whatever Vizcarra–Medina might say in support of these claims, Vizcarra–Medina could not establish by clear and convincing evidence that he had not understood the terms of the plea agreement, or that he had not voluntarily agreed to these terms.

Based on this conclusion, the attorney filed a certificate under Alaska Criminal Rule 35.1(e)(2)(C)—*i.e.*, a certificate declaring that Vizcarra–Medina had no non-frivolous claims for post-conviction relief, and asking the superior court to dismiss Vizcarra–Medina's petition. *See Griffin v. State*, 18 P.3d 71, 75, 77 (Alaska App.2001) (construing the require-

ments of Rule 35.1(e)(2)). The superior court agreed with the attorney's assessment and (after giving Vizcarra–Medina a chance to respond) the court dismissed the petition for post-conviction relief. Vizcarra–Medina now appeals.

We conclude that the superior court should not have accepted the attorney's certificate.

■ As evidenced by the multiple letters filed by Vizcarra–Medina in support of his petition, Vizcarra–Medina was willing to assert under oath that he did not understand key terms of his plea agreement with the State. Vizcarra–Medina's post-conviction relief attorney may have reasonably concluded that the other available evidence contradicted Vizcarra–Medina's assertion, and that Vizcarra–Medina's claim could likely never be proved by clear and convincing evidence (the standard of proof imposed by AS 12.72.040). Nevertheless, the fact that Vizcarra–Medina was willing to testify that he did not understand key aspects of his plea agreement means that Vizcarra–Medina's claim for post-conviction relief was not "frivolous" for purposes of Criminal Rule 35.1(e)(2)(C).

The claim was not frivolous because (1) Vizcarra–Medina was ready to offer testimony under oath that he did not understand key aspects of the plea agreement, and (2) it appears that Vizcarra–Medina would be entitled to relief if—despite the contrary evidence—the superior court believed his testimony.

It is true that, under Alaska Professional Conduct Rule 3.3(a)(4), an attorney is forbidden from offering evidence that the attorney knows to be false. But Vizcarra–Medina's post-conviction relief attorney has never asserted or even suggested that he knew that Vizcarra–Medina's proposed testimony would constitute perjury. Thus, even if the attorney reasonably believed that the superior court would ultimately reject Vizcarra–Medina's testimony, it was still the attorney's job to pursue Vizcarra–Medina's claim for relief by presenting his testimony, and then letting the superior court make the assessments of credibility and testimonial accuracy.

1.  AS 11.46.140(a).

*Underlying facts*

Rolando Vizcarra–Medina was charged with first-degree theft for allegedly misappropriating approximately $250,000 in insurance proceeds that, according to the State, should have been paid to his brother's widow and children.

This felony theft charge was ultimately resolved by a plea agreement. Vizcarra–Medina pleaded no contest to two counts of third-degree theft (a misdemeanor: theft of between $50 and $500).[1] The State agreed that Vizcarra–Medina would receive a suspended imposition of sentence on each count, with no additional time to serve, and 1 year's probation, on condition that Vizcarra–Medina make restitution of $60,000.

Eighteen months later, Vizcarra–Medina (acting *pro se*) filed a petition for post-conviction relief. The superior court appointed attorney Alan L. Schmitt to represent Vizcarra–Medina in this matter.

Because Vizcarra–Medina pleaded no contest to the two misdemeanor theft charges, Schmitt concluded that Vizcarra–Medina would be entitled to post-conviction relief only if he could establish grounds for withdrawing his plea. Schmitt further concluded that, because Vizcarra–Medina pleaded no contest as part of a plea bargain, and because Vizcarra–Medina received the bargained-for benefit of that plea, the only plausible ground for withdrawing the plea would be to establish that Vizcarra–Medina received ineffective assistance of counsel in connection with that plea.

On this issue, Vizcarra–Medina told Schmitt that he did not really understand what was happening at the change-of-plea hearing. In particular, Vizcarra–Medina asserted that he did not understand that he would be required to pay $60,000 in restitution, and he also asserted that he thought he would get to have a trial on the theft charges after he completed his year's probation.

To investigate these claims, Schmitt obtained an affidavit from Vizcarra–Medina's former attorney, Darrel J. Gardner. Gardner's affidavit stated, in pertinent part:

I had many conversations [with the Kodiak District Attorney] over the lengthy period of time that [Vizcarra–Medina's] case was pending. I also had numerous conversations with Mr. Medina concerning the various developments in his case. Prior to the change of plea hearing, I spoke with Mr. Medina and explained the state's settlement offer in detail. On the basis of Mr. Medina's express desire to accept the proposal, we requested a change of plea hearing.... Prior to [that] hearing, I went over the details of the proposed settlement offer, including the $60,000 restitution component.

Schmitt also listened to the audio record of the change-of-plea hearing. As reflected by the transcript of that hearing, the basic terms of the plea agreement were explained at the very beginning of the hearing:

Mr. Gardner: Mr. Medina's going to be pleading no contest to two counts of theft in the third degree, both class A misdemeanors.... Mr. Medina will receive an SIS on both of [these] misdemeanors. He'll be put on misdemeanor probation for a period of one year. There is a restitution order to be entered in the amount of $60,000, payable half to his brother ...

Prosecutor: Actually, it'll be payable $20,000 to each of three children. And we'll file a restitution notice giving [the court] the names of those children.... But it will be $20,000 to each of ... the children of Carlos Medina.

...

Mr. Gardner: ... [And because Mr. Medina] has spent a significant amount of time in jail already, ... there [will] be no additional jail time imposed.

A few minutes later, the court addressed Vizcarra–Medina personally:

The Court: Is this your voluntary decision?

Vizcarra–Medina: Your Honor, actually, ... my lawyer explained—explained to me all the consequences—you know, all the—what will happen next after this. And I believe, you know, it will be for my—to the best of my—it will be for the best of myself, and that is what I believe,

too—that [it is] good for me to accept this-this decision.

After evaluating all of this information, Schmitt concluded that Vizcarra–Medina had no colorable argument for withdrawing his plea.

Schmitt acknowledged that Vizcarra–Medina may not have known the precise terms of the plea agreement until shortly before the change-of-plea hearing on June 14, 2004— and that Vizcarra–Medina's former attorney, Gardner, may have violated his duty to keep Vizcarra–Medina reasonably informed of the progress of the plea negotiations. However, Schmitt noted that Vizcarra–Medina "had ample opportunity [at the change-of-plea hearing] to express any concerns or questions he may have had about the [plea] agreement"—and that Vizcarra–Medina did not question or object to any of the terms of the agreement at that hearing. Based on this, Schmitt concluded: "It is clear, [then], ... that Mr. Medina accepted the recommendations [of his attorney]."

In other words, Schmitt concluded that, despite Vizcarra–Medina's current assertions on these matters, Vizcarra–Medina had in fact understood and agreed to the terms of the plea bargain—and, thus, there was no factual basis for withdrawing the plea.

Superior Court Judge Joel H. Bolger examined Schmitt's certificate and concluded that it met the requirements of Criminal Rule 35.1(e)(2)(C). Judge Bolger therefore notified the parties that he intended to dismiss Vizcarra–Medina's petition for post-conviction relief.

In response, Vizcarra–Medina filed a one-page opposition. In his response, Vizcarra–Medina asserted that he was innocent of any theft, and he further reiterated his claim that he did not understand his change of plea. However, he did not offer any further details to support that assertion.

Approximately one month later, based on Schmitt's certificate, Judge Bolger dismissed Vizcarra–Medina's petition for post-conviction relief.

*Why we conclude that the superior court should not have accepted the attorney's certificate of no arguable merit*

In this case, Vizcarra–Medina claimed that he did not understand key provisions of the plea agreement. Vizcarra–Medina's post-conviction relief attorney, Schmitt, concluded that this claim was effectively rebutted by the other evidence in the case—specifically, the competing account of events offered by Vizcarra–Medina's former attorney, and the record of the change-of-plea hearing itself. Because Schmitt concluded that he could never prove Vizcarra–Medina's assertions of fact by clear and convincing evidence, he decided that Vizcarra–Medina's claim for relief was frivolous. The superior court agreed.

We believe that this approach is flawed because it rests on a misunderstanding of what constitutes a "frivolous" claim for purposes of Criminal Rule 35.1(e)(2)(C).

Here, Schmitt had admissible evidence (*i.e.,* Vizcarra–Medina's testimony) to support the claim that Vizcarra–Medina failed to understand, and failed to agree to, key aspects of the plea agreement. It is true that there was substantial competing evidence, and it is also true that Vizcarra–Medina bore the burden of proving his factual assertions by clear and convincing evidence.[2] Given these factors, Schmitt might reasonably conclude that it was unlikely that a trier of fact would credit Vizcarra–Medina's version of events.

■ But even though the factual basis of a claim for post-conviction relief may be weak or implausible—even so weak or implausible that the claim appears virtually certain to fail—this does not mean that the claim is "frivolous" for purposes of Criminal Rule 35.1(e)(2)(C).

■ As we explained in *Griffin v. State,* 18 P.3d 71, 73 (Alaska App.2001), and as the United States Supreme Court explained in *Smith v. Robbins,* 528 U.S. 259, 279–282, 120 S.Ct. 746, 761–62, 145 L.Ed.2d 756 (2000),

there is a crucial distinction between a claim that has "no merit", in the sense that the court will likely rule against the claim, and a claim that is "frivolous", in the sense that no reasonable argument can be made in favor of the claim.

Here, the validity of Vizcarra–Medina's claim for plea withdrawal hinges on a question of witness credibility—the conflict between the competing versions of events and conversations offered by Vizcarra–Medina and his former attorney, Gardner. True, the record of the change-of-plea hearing appears to support Gardner's version and to rebut Vizcarra–Medina's version. But Vizcarra–Medina is apparently prepared to offer his account under oath, and his account (if believed) would entitle him to relief. These two factors, in combination, mean that his claim is not frivolous.

On this issue, there is a crucial difference between trial court litigation and appellate litigation.

*After* questions of historical fact have been litigated and resolved by a judge in post-conviction relief litigation, a litigant who wishes to challenge the judge's resolution of the competing testimony and the judge's assessment of witness credibility must convince the appellate court that the judge's findings of fact are clearly erroneous.[3] Given this standard of review on appeal, it might well be that any appeal of the judge's factual findings would be frivolous.

■ But the situation is markedly different *before* an evidentiary hearing has been held in the trial court. True, the law allows the court to grant summary judgement and thus end the post-conviction relief litigation short of trial.[4] But a judge has no authority to grant summary judgement based on the judge's pre-trial assessments of witness credibility or pre-trial assessments of the comparative strength of the parties' cases. Summary judgement is appropriate only in those instances where, even if all of the non-moving party's assertions of fact are true, the law

2. *See* AS 12.72.040.

3. *Dolchok v. State,* 639 P.2d 277, 282–83 (Alaska 1982); *Register v. State,* 71 P.3d 337, 341–42 (Alaska App.2003).

4. *See* Criminal Rule 35.1(f)(3).

requires a decision in the other party's favor.[5]

██ This same principle governs an attorney's decision to file a certificate of "no arguable merit" under Criminal Rule 35.1(e)(2)(C). If the attorney concludes that, given the governing law, the defendant would not be entitled to relief even if all of the defendant's underlying assertions of fact were proved, then the attorney can properly label the defendant's claim "frivolous". But the attorney's primary duty is to the defendant, and the defendant is constitutionally entitled to the zealous assistance of counsel. Because of this, unless the attorney knows that the defendant intends to commit perjury, it is never proper for the attorney to declare that a claim for post-conviction relief is "frivolous" based on the attorney's assessment of how the judge is likely to weigh the defendant's testimony when resolving the disputed factual issues in the case.

██ As we stated in *Johnson v. State*, 77 P.3d 11, 13 (Alaska App.2003), "A claim is frivolous [only] if there is no colorable argument that a zealous advocate could advance in support of the claim." Here, the duty of a zealous advocate was to allow Vizcarra–Medina to take the stand and have his day in court—even if the advocate reasonably believed that there was little or no chance that the superior court would credit Vizcarra–Medina's testimony.

### Conclusion

For the reasons explained here, Vizcarra–Medina's attorney should not have filed a certificate of no arguable merit under Criminal Rule 35.1(e)(2)(C), and the superior court should not have dismissed Vizcarra–Medina's petition for post-conviction relief based on the attorney's certificate.

The judgement of the superior court is VACATED, and the litigation of Vizcarra–Medina's petition for post-conviction relief shall continue in the superior court.

---

**5.** *Peterson v. State*, 988 P.2d 109, 120 (Alaska App.1999).