NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal* *errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ARTHUR A. ALEXIE SR.,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11988
Trial Court No. 4BE-12-171 CI

O P I N I O N

No. 2560 — July 21, 2017

Appeal from the Superior Court, Fourth Judicial District, Bethel, Dwayne W. McConnell, Judge.

Appearances: Maureen E. Dey, Gazewood & Weiner, P.C., Fairbanks, for the Appellant. June Stein, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Coats, Senior Judge.[*]

Senior Judge COATS.

Arthur A. Alexie Sr. filed an application for post-conviction relief seeking to withdraw his plea after sentencing. The superior court summarily dismissed Alexie's

_____

[*] Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

application. He was seeking to withdraw his plea after sentencing. On appeal, among other things, Alexie contends that he presented a *prima facie* case that he did not understand the terms of the plea agreement and consequently did not enter his plea knowingly and voluntarily. For the reasons explained in this decision, we conclude that Alexie did plead a *prima facie* case that he did not understand the terms of the plea agreement and, therefore, we remand this case to the superior court for further proceedings on Alexie's petition.

(Alexie raises several other contentions, but all of these appear to be variations on his claim that his plea was not knowing or voluntary.)

*Background*

On December 7, 2011, Alexie pleaded guilty to one count of third-degree sexual abuse of a minor. Alexie entered this plea in accordance with an agreement with the State. He had originally been charged with one count of second-degree sexual abuse of a minor and with two counts of attempted second-degree sexual abuse of a minor. There were two victims: an eight-year-old and a ten-year-old.

Alexie's case had been pending for approximately a year and a half before the change-of-plea hearing. During that time, and at the change of plea, he was represented by an assistant public defender. At the hearing, Alexie, after a standard change-of-plea colloquy with the court, entered a plea of guilty to one count of third-degree sexual abuse of a minor, a class C felony.[1] At the end of the colloquy, the superior court found that Alexie had a full understanding of his rights, and that he had made a knowing, voluntary, and intelligent waiver of those rights.

---

[1] AS 11.41.438(b).

Alexie was sentenced that same day to serve 5 years, no time suspended. As part of the agreement, Alexie conceded one aggravating factor — that the offense was the most serious. Except under circumstances not present in Alexie's case, the maximum time to serve for a class C felony is 5 years.[2]

Approximately four months later, in April 2012, Alexie filed an application for post-conviction relief. Although Alexie ostensibly raised several different allegations in his application for post-conviction relief, his pleadings — and particularly his affidavit — made it clear that he wished to withdraw his plea under Alaska Criminal Rule 11(h). That is, Alexie was asserting that withdrawal of his plea was necessary to correct a manifest injustice, in that his attorney did not accurately explain to him the terms of the plea agreement, and that she coerced him to say "guilty" when the court asked him to enter his plea.

Among other things, Alexie claimed in his application that he was dissatisfied with his trial attorney because she did not adequately communicate with him, nor did she inform him about any plea offers from the State. He alleged he was entitled to withdraw his plea because he was denied the effective assistance of counsel, his plea was involuntary, and the plea was entered without knowledge of the charge, or of the sentence that would be imposed.[3]

In response to Alexie's pleadings, his former attorney filed an affidavit controverting Alexie's claims. Afterwards, the State moved to dismiss the application, arguing that in light of the colloquy that had occurred at Alexie's change-of-plea hearing, Alexie's claims were "flatly contradicted by the record." Superior Court Judge Dwayne M. McConnell agreed with the State and summarily dismissed Alexie's application.

---

[2] AS 12.55.125(e).

[3] *See* Alaska R. Crim. P. 11(h)(4)(A) and (C).

Alexie now appeals.

*Why we remand for further proceedings on Alexie's petition*

In his pleadings, Alexie claimed that he did not understand some key provisions of the plea agreement. In particular, he claimed that he did not understand how much time he would actually serve, or the nature of the offense to which he was pleading guilty. In addition to his general claim that his attorney had not adequately communicated with him about his plea, Alexie stated in his affidavit that he was told that he would serve only 22 months, and that the charge he was pleading to was an "attempt" offense, not a completed offense. He also claimed that his attorney had coerced him to plead guilty.

Alexie's former attorney, however, claimed the opposite in her affidavit. She asserted that Alexie had been informed of the terms of the plea agreement and that she had not coerced his plea. Consequently, the validity of Alexie's claim for plea withdrawal hinged on a question of witness credibility — the conflict between the competing versions of events offered by Alexie and his trial attorney.

In the superior court, the State urged the superior court to dismiss Alexie's application because, according to the State, Alexie's assertions of fact were flatly contradicted by the colloquy at Alexie's change-of-plea hearing. The State noted that, under this Court's decision in *LaBrake v. State*,[4] when a trial court decides whether to summarily dismiss an application for post-conviction relief, the court need not accept as true facts that are "patently false."[5] In the State's view, Alexie's responses to the court's questions at the change-of-plea hearing demonstrated the patent falsity of Alexie's

---

[4] 152 P.3d 474 (Alaska App. 2007).

[5] *Id.* at 481.

– 4 –                                                          2560

current claims that he did not understand the plea agreement, and that he was coerced into entering a guilty plea.

Although a judge may grant summary judgment and end post-conviction relief litigation short of trial, a judge has no authority to grant summary judgment based on the judge's pretrial assessments of witness credibility or pretrial assessments of the comparative strength of the parties' positions. When deciding a motion to dismiss for failure to plead a *prima facie* case, the trial court must accept as true all of the applicant's well-pleaded factual assertions.[6] "Summary judgment is appropriate only in those instances where, even if all of the non-moving party's assertions of fact are true, the law requires a decision in the other party's favor."[7]

This is so even in cases where, like here, an applicant's affidavit is contradicted by the applicant's responses and statements at a change-of-plea hearing.[8]

It is true that, in *LaBrake*, we ruled that a court need not accept the truth of factual assertions that are patently false. But here, Alexie submitted an affidavit which, if believed, casts a different light on what happened at the change-of-plea hearing. In his affidavit, Alexie offered evidence which, if true, is sufficient to justify the withdrawal of his plea. When material facts are contested, the trial court must hear the evidence and determine which assertions of fact are more credible.

Alexie's pleading may have been technically deficient because he did not specifically allege that he was prejudiced by his misunderstanding or ignorance of the consequences of his guilty plea. That is, Alexie did not affirmatively assert that he

---

[6]  *See Steffensen v. State*, 837 P.2d 1123, 1125-26 (Alaska App. 1992).

[7]  *Vizcarra-Medina v. State*, 195 P.3d 1095, 1099-1100 (Alaska App. 2008).

[8]  *See, e.g.*, *id.* (despite contrary evidence in the record from the change-of-plea hearing, when the attorney's and the applicant's affidavits conflict on the facts, a hearing is necessary to resolve the conflict).

would not have accepted the plea agreement had he been correctly advised of its terms.[9] But Alexie's pleadings make clear that he seeks to withdraw his plea as unknowing and involuntary. Moreover, the superior court did not dismiss Alexie's application based on his technical failure to allege prejudice.

*Conclusion*

We REVERSE the judgment of the superior court, and we REMAND this case to the superior court for further proceedings on Alexie's petition for post-conviction relief.

---

[9] *See Wilson v. State*, 244 P.3d 535, 538 (Alaska App. 2010) (When moving to withdraw a plea, an applicant must show he would not have entered the guilty plea if he had not received incompetent or incorrect advice from his attorney).