NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska  99501*
*Fax:  (907) 264-0878*
*E-mail:  corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| JOHN CLINT SHERWOOD, | Court of Appeals No. A-13411 |
| Appellant, | Trial Court No. 1KE-16-00272 CI |
| v. | **O P I N I O N** |
| STATE OF ALASKA, | |
| Appellee. | No. 2705 — June 25, 2021 |

Appeal from the Superior Court, First Judicial District, Ketchikan, Kevin G. Miller, Judge.

Appearances:  Dan Bair, Law Office of Dan Bair, Anchorage, under contract with the Office of Public Advocacy, for the Appellant.  Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before:  Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge ALLARD.

John Clint Sherwood was convicted, following a jury trial, of second-degree assault and fourth-degree assault.[1]  Sherwood appealed his convictions to this

---

[1]  AS 11.41.210(a)(1) and AS 11.41.230(a)(1), respectively.

Court. A contract attorney with the Office of Public Advocacy represented Sherwood in his direct appeal.

While the appeal was pending, Sherwood filed a *pro se* application for post-conviction relief. Sherwood was appointed counsel from the Office of Public Advocacy, who moved to stay the application for post-conviction relief pending the resolution of Sherwood's direct appeal. This Court subsequently affirmed Sherwood's convictions in an unpublished memorandum decision.[2]

After this Court denied Sherwood's appeal, the Office of Public Advocacy assigned the same contract attorney who had represented Sherwood in his direct appeal to represent Sherwood in the post-conviction relief proceedings. That attorney later filed a certificate of no arguable merit, asserting that Sherwood had no non-frivolous claims for post-conviction relief. As part of the certificate of no arguable merit, the attorney was required to affirm under oath that he had no conflict of interest in representing Sherwood in his application for post-conviction relief.[3] The attorney made this claim under oath, despite his prior role as Sherwood's attorney in the direct appeal.

The superior court initially returned the certificate of no arguable merit to the attorney with instructions to correct technical insufficiencies, but it later accepted the certificate and subsequently dismissed Sherwood's post-conviction relief application. Sherwood now appeals that dismissal, arguing that the superior court erred in accepting the certificate of no arguable merit because (1) the post-conviction relief attorney had a conflict of interest; and (2) the certificate was deficient in various ways.[4]

---

[2]     *Sherwood v. State*, 2018 WL 1357345 (Alaska App. Mar. 14, 2018) (unpublished).

[3]     *See* Alaska R. Crim. P. 35.1(e)(2)(C)(i).

[4]     Because we find that the superior court's order must be vacated on the issue of counsel's conflict of interest, we do not reach Sherwood's other claims of deficiency.

On appeal, the State concedes that the post-conviction relief attorney had a conflict of interest. This concession is well-founded.[5] Alaska Rule of Professional Conduct 1.7 mandates that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." A concurrent conflict exists when "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person *or by a personal interest of the lawyer*."[6] As a general matter, a lawyer has a personal interest in defending the professional competency of their own representation.[7]

In the current case, the post-conviction relief attorney represented Sherwood in his application for post-conviction relief after representing Sherwood in his direct appeal. This created an obvious concurrent conflict of interest. As the lawyer representing Sherwood in the post-conviction relief application, the attorney had a duty to review the entire case — including both the trial and the appeal — to determine whether there were any cognizable claims for relief based on the ineffective assistance of trial counsel or the ineffective assistance of appellate counsel.[8] But the attorney's ability to conduct such a review was hampered by his own personal interest in defending his representation in the direct appeal.

---

[5]  *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (holding that an appellate court must independently evaluate any concession of error by the State in a criminal case).

[6]  *Nelson v. State*, 440 P.3d 240, 244 (Alaska 2019) (quoting Alaska R. Prof. Conduct 1.7(a)(2) (emphasis added in *Nelson*)).

[7]  *Id.* at 245.

[8]  *Cf. Griffin v. State*, 18 P.3d 71, 77 (Alaska App. 2001) (explaining that, in order for the superior court to carry out its duty to independently review a certificate of no arguable merit, the assigned attorney seeking to withdraw from the case "must provide the court with a full explanation of all the claims the attorney has considered and why the attorney concluded that the claims are frivolous").

In some circumstances, an attorney can obtain waiver of a conflict. Alaska Rule of Professional Conduct 1.7(b) provides:

> Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing.

Here, because the conflicted attorney filed a certificate of no merit in Sherwood's post-conviction relief case, we conclude that the representation is prohibited by law under Alaska Criminal Rule 35.1(e)(2)(C).

As a general matter, an attorney who has been appointed to represent an indigent client in a post-conviction relief case has the authority to file a certificate of no arguable merit if the attorney determines, after a thorough review of matters inside and outside the record, that there are no non-frivolous claims for relief.[9] But, as part of the certificate, Alaska Criminal Rule 35.1(e)(2)(C) requires that the attorney affirm under oath that the attorney (1) "does not have a conflict of interest;"[10] (2) "has reviewed the facts of the underlying proceeding or action challenged in the application, and the

---

[9] *See* Alaska R. Crim. P. 35.1(e)(2)(C).

[10] Alaska R. Crim. P. 35.1(e)(2)(C)(i).

pertinent law;"[11] (3) "has consulted with the applicant and, if appropriate, with trial counsel;"[12] and (4) "has determined that the claims presented in the application have no arguable merit and that the applicant has no other colorable claims for post-conviction relief."[13] Thus, the plain language of the rule prohibits post-conviction relief attorneys from filing certificates of no merit if they have a conflict of interest, regardless of whether such a conflict could otherwise be considered waived.

On appeal, Sherwood argues that the superior court erred when it accepted the certificate of no arguable merit because his post-conviction relief attorney had a conflict of interest arising from his representation of Sherwood in his direct appeal. The State agrees that it was error to accept the certificate under these circumstances, but argues that the remedy should be limited to a remand in which a conflict-free attorney

---

[11] Alaska R. Crim. P. 35.1(e)(2)(C)(ii). This review includes matters both inside and outside the record. *See Vizcarra-Medina v. State*, 195 P.3d 1095, 1097-99 (Alaska App. 2008) (holding that even a weak or implausible claim is not necessarily "frivolous," but otherwise approving of the scope of evidence reviewed by post-conviction relief attorney, including off-record plea negotiation discussions and statements made during a change-of-plea hearing); *see also Belluomini v. State*, 2020 WL 2551859, at *1(Alaska App. May 20, 2020) (unpublished) ("[A] certificate of no merit must include a full description of the claims the attorney considered, the materials the attorney reviewed, the investigations the attorney conducted, and the reasons why the attorney has concluded that all of the applicant's potential claims have no arguable merit.").

[12] Alaska R. Crim. P. 35.1(e)(2)(C)(iii). The attorney is also required to provide affidavits from trial counsel and appellate counsel, when appropriate, or explain why those affidavits could not be provided. *Tazruk v. State*, 67 P.3d 687, 689-90 (Alaska App. 2003).

[13] Alaska R. Crim. P. 35.1(e)(2)(C)(iv); *see also Vizcarra-Medina*, 195 P.3d at 1099 ("[E]ven though the factual basis of a claim for post-conviction relief may be weak or implausible — even so weak or implausible that the claim appears virtually certain to fail — this does not mean that the claim is 'frivolous' for purposes of Criminal Rule 35.1(e)(2)(C).").

evaluates any potential ineffective assistance of appellate counsel claims that Sherwood may have. We disagree that the remand should be limited in this manner.

We come to this conclusion for two reasons. First, it was plain error for the superior court to accept the certificate of no arguable merit when the record clearly showed that the post-conviction relief attorney had a conflict of interest arising from his representation of Sherwood in the direct appeal. Second, the attorney's failure to recognize the obvious conflict of interest raises serious concerns about his representation as a whole. (The alternate explanation — that he *did* recognize the conflict and yet still affirmed under oath that he had no conflict — would be even more troubling.) Under these circumstances, we conclude that Sherwood is entitled to new, conflict-free counsel who can competently assess whether there are non-frivolous claims for relief that can be raised or whether a certificate of no arguable merit is justified.

Accordingly, the superior court's order is VACATED and this case is remanded to the superior court for further proceedings consistent with this opinion.